JAMES R. GREINER, ESQ.
CALIFORNIA STATE BAR NUMBER 123357
LAW OFFICES OF JAMES R. GREINER
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
TIEN THE LE

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.-S-NO.-08-449-03 WBS |
| PLAINTIFF, ) | |
| v. ) | STIPULATION AND (~~PROPOSED~~) ORDER TO CONTINUE THE STATUS CONFERENCE TO MONDAY, AUGUST 27, 2012, EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT (T-4) |
| TIEN THE LE, et al., ) | |
| DEFENDANTS. ) | |
| _____ ) | |

Plaintiff, the United States by Assistant United States Attorney, Mr. Heiko Coppola, and defendant Tien The Le by his attorney James R. Greiner, all stipulate and agree that the status conference calendared for **Monday, June 25, 2012**, at 9:30 a.m. before the Honorable Senior United States District Court Judge, William B. Shubb, may be continued to **Monday, August 27, 2012**, at 9:30 a.m. The Court's availability on this date, August 27, 2012, has been confirmed.

**BACKGROUND**

On June 4, 2012, the Court appointed present defense counsel, James R. Greiner, after prior counsel had moved to withdraw from the case two (2) weeks prior to the scheduled commencement of the jury trial.

1

Since the appointment, defense counsel has accomplished the following:

    1- On Friday, June 15, 2012, the defense obtained over 10,000 pages of discovery from the government, prior attempts were made to obtain the discovery from prior defense counsel but all attempts failed;

    2- Defense counsel, the interpreter and defendant met for over 1 and a half hours on Monday, June 11, 2012.

Defense counsel is now reviewing the over 10,000 pages of discovery. Defense counsel is mindful that the Court wants this case to move to resolution. Defense counsel has moved with urgency since appointed and will continue to do so. Defense counsel suggests to the Court that allowing a continuance to August 27, 2012, will accomplish the following: 1- It will give defense counsel an opportunity to continue to review the over 10,000 pages of discovery; 2- It will allow defense counsel an opportunity to meet with the defendant and discuss the options of resolving this case by either plea agreement or trial; 3- It will give defense counsel an opportunity to discuss with the defendant the Advisory Sentencing Guidelines in order for the defendant to make an informed voluntary decision on how to resolve this case; 4- It will give defense counsel an opportunity to explore with the government avenues of resolution short of trial. Defense counsel is mindful of that this Court is one of the busiest Court's in the United States, and with that, defense counsel is attempting to utilize this Court's valuable resources in the most effective way possible. Defense counsel suggests that allowing the case to continue to August 27, 2012, avenues of potential resolution can be reasonably and effectively explored, and should those fail, a realistic trial date can be set. Defense counsel is attempting to save the Court resources in attempting to explore all possible resolutions short of trial. Although defense counsel is mindful that attempting to resolve the case will expend resources and time, if resolution can be achieved, then a cost and resource savings for the Court has been achieved. If a resolution is not obtainable, then the record is clear and a realistic trial date can be set.

1

2      The parties agree and stipulate that this continuance is reasonable taking

3  into account the exercise of due diligence by all counsel.

4      The parties agree and stipulate that due to all of the facts stated herein,

5  including the over 10,000 pages of discovery that needs review and investigation, the

6  legal research into the complex Advisory Sentencing Guidelines that counsel needs to

7  do, allowing defense counsel an opportunity to reasonably meet and confer with the

8  defendant and the interpreter in discussing the entire case and the Advisory

9  Sentencing Guidelines,  the parties stipulate and agree that this Court should order

10  time under the Speedy Trial Act continue to be excluded from **Monday, June 25,**

11  **2012,** up to and including **Monday, August 27, 2012**, under the Speedy Trial Act for

12  case for defense counsel preparation in this case, and that all counsel for all parties

13  stipulate that the ends of justice are served by the Court excluding such time, so that

14  defense counsel for the defendant may have reasonable time necessary for effective

15  preparation, taking into account the exercise of due diligence, 18U.S.C. section

16  3161(h)(7)(B)(iv), and therefore time should also be excluded under 18 U.S.C.

17  section 3161(h)(7)(A) and Local Code T-4.

18      Further, all parties agree and stipulate that the Court in  making these factual

19  findings supports the Court's finding that in this case  the ends of justice are served

20  by this continuance and outweigh both the public's right to a speedy trial in this case

21  and each defendant's right to a speedy trial in this case.

22                          Respectfully submitted,
                            BENJAMIN B. WAGNER
23                          UNITED STATES ATTORNEY

24  DATED: 6-20-12          /s/ HEIKO COPPOLA (via e mail approval)

25                          _____
                            HEIKO COPPOLA,
26                          ASSISTANT UNITED STATES ATTORNEY

27  DATED: 6-20-12          /s/ JAMES R. GREINER

28                          _____
                            James R. Greiner
                            Attorney for Defendant

TIEN THE LE

**ORDER**

**THE COURT MAKES THE FOLLOWING FINDINGS:**

The Court finds that the ends of justice in this case outweighs both the public's right to a speedy trial in this case and the defendant's right to a speedy trial in this case based on the following facts:

1- Defense counsel is continuing to review the discovery in this case, continuing to have discussions with his client about the facts of the case and the discovery in the case, defense counsel is still investigating the case based on the discovery and the conferences with his client, so that counsel for the defendant may have reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

2- Defense counsel is doing legal research into the advisory Sentencing Guidelines as it may apply to the defendant's facts in this case so as to adequately advise and counsel his client;

3- The discovery in this case is consists to date of over 10,000 pages produced by the government on Friday, June 15, 2012, after;

4- defense counsel is actively engaged in conferences with the defendant regarding all aspects of this case and the time requested is reasonable to allow this process to continue exercising due diligence by counsel;

5- the additional time will allow for reasonable plea negotiations in a good faith attempt to resolve this case short of trial;

6- Based on the facts of this individual case the time requested is reasonable in light of the exercise of due diligence by counsel**;**

Therefore, based on the Court's findings and the parties agreements and stipulations as set forth herein and supported by the findings of facts in this case as set forth herein, time is excluded under the Speedy Trial Act from **Monday, June 25, 2012** to and including, **Monday, August 27, 2012**, under the Speedy Trial Act under Local Code T-4 (time for defense counsel preparation) and Title 18 U.S.C. section 3161(h)(7)(B)(iv).

**IT IS SO ORDERED.**

DATED:   June 20, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5